OPINION OF THE COURT

Justice DOWTY.
1.In the months leading up to June 12, 2002, the management of Cherokee Nation Enterprises, Inc., (hereinafter CNE) had undertaken a policy of renegotiating existing contracts of key personnel because the prosperity of the entity’s gaming operations was resulting in a windfall for casino managers under open ended incentive clauses in existing contracts. On that date, after extensive negotiations with the Petitioner, and several new contract offers, CNE informed the Petitioner that the parties had reached an impasse and terminated the Petitioner who was then managing the Catoosa Casino. Termination documents reflected that the Petitioner was terminated for cause based upon his failure to renew his contract.
2. Petitioner was hired in 1998 under a contract which provided for a beginning salary of $50,000.00 per annum and incentive bonuses based upon a percentage of net quarterly profits of the facility he managed. The contract included a severance package of 6 months base salary and any accrued incentives.
3. James Starr, who first negotiated with the Petitioner through February, 2002, testified that the parties reached a verbal agreement as to compensation which included an increased salary of $65,000.00 per year and quarterly incentives of $8,750.00. In all other respects, and until negotiations were concluded, Mr. Starr testified that the original 1998 contract remained in effect.
4. The Petitioner acknowledged that he had reviewed and rejected several contract offers and had rejected CNE’s offer to buyout his 1998 contract. He also indicated that he expected to continue negotiations at the June 12, 2002, meeting and believed that his objections to the prior contract offers had been reasonable. His understanding was that the 1998 contract remained in effect until a new contract was accepted and executed.
5. This Court assumes original jurisdiction of this matter by stipulation of the parties and under Article XII of the Constitution of the Cherokee Nation.
*62 : 6. The Petitioner contends that he is entitled to severance compensation under the 1998 contract including 6 months salary at the rate being paid on the date of his termination amounting to $30,243.20 and incentive bonuses calculated at $76,734.93.
7. 'Hie Defendant contends that the Petitioner failed to negotiate in good faith; rejected reasonable contract offers which were accepted by other gaming facility managers; and was terminated for cause resulting in the loss of his severance compensation. The severance clause of his contract provided that severance pay was excluded in the event of termination for cause.
8. After consideration of the testimony and evidence presented, this Court FINDS that the failure of contract negotiations with the Petitioner did not give rise to grounds for termination for cause and that the Petitioner was entitled to severance compensation on June 12, 2002.
9. The Court further FINDS that a verbal agreement and modification of compensation was entered into between the Petitioner and CNE through James Stan-effective for fiscal year 2002, whereby the Petitioner was to receive a base salary of $65,000.00 annually and quarterly incentive bonuses of $8,750.00. We further find that the Petitioner had accepted bonuses of $8,750.00 for the first and second quarters of fiscal 2002 and had earned at the time of his termination, 80% of his third quarter bonus in the total amount of $7,000.00.
10. The Court further FINDS that in all other respects, the Employment Agreement marked Plaintiffs Exhibit 1, signed by the Petitioner on August 29, 1998, remained in full effect on the date of his termination. This includes the severance clause at paragraph 9 thereof. Therefore, on June 12, 2002, the Petitioner was entitled to 6 months salary based upon the modified negotiated amount of$65,000.00 annually, totaling $82,500,00 and the additional earned incentive bonus of $7,000.00.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the Petitioner, Dale Lee Herron is granted judgment against the Respondent CNE in the total amount of $39,500.00.
IT IS FURTHER ORDERED that the parties shall bear their respective costs.